Vik Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorney for Plaintiff*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TYRONE TAYLOR,

                Plaintiff,

     -against-          **COMPLAINT**

                    **CV 12 5858**

THE CITY OF NEW YORK, ANTHONY MATOS,
SEOUNG KIM, JOHN AND JANE DOE CORP.,
1-10, ET AL.,

                Defendants.
------------------------------------------------------------------x

        Plaintiff TYRONE TAYLOR (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

**JURISDICTION**

    2.    The action is brought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.  Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Kings, State of New York.

7.  Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendants Anthony Matos and John and Jane Does are officers with the NYPD and are/were assigned to the 67th precinct at the time when plaintiff's claims arose. They are sued in their individual and official capacities.

9.  Defendant Seoung Kim is the owner of John Doe Corporation and is sued in his capacity as an employee, owner of said corporation and individual capacity.

10. Defendants John and Jane Does are yet to be identified individuals who took part in violating plaintiff's rights.

## FACTS

11. On November 29, 2009, plaintiff was lawfully near the vicinity of 848 Utica Avenue, County of Kings when defendant Kim accused plaintiff of stealing from his deli.

12. Defendant Kim then proceeded to assault the plaintiff. At some point, the defendant officers arrived on the scene.

13. When the defendant officers arrived on the scene they refused to look at plaintiff's injuries, the video-tape evidence that would have shown that plaintiff was a victim and instead only listened to defendant Kim.

14. After speaking with defendant Kim and refusing plaintiff's pleas to view the surveillance tape or his injuries, the defendants nevertheless ignored plaintiff.

15. When plaintiff persisted in his pleas that he was the victim, the defendant officers assaulted and arrested him and used excessive and unreasonable force in the process.

16. Plaintiff was then brought to the 67th precinct with visible injuries to his elbow, lip and wrists.

17. Plaintiff was denied treatment by the desk sergeant at the 67th precinct and was falsely charged with violating:

    (a). Penal Law 160.10(1) – robbery in the 2nd degree;

    (b). Penal Law 160.10(2)(A) – robbery in the 2nd degree;

    (c). Penal Law 160.05 – robbery in the 3rd degree;

    (d). Penal Law 120.00(1) – assault in the 3rd degree;

(e).   Penal Law 165.25 – petit larceny

(f).   Penal Law 165.40 – criminal possession of stolen property in the 5th degree;

(g)   Penal Law 110/120.00(1) – attempted assault in the 3rd degree;

(h).   Penal Law 120.15 - menacing in the 3rd degree;

(i).   Penal Law 240.26(1) – harassment in the 2nd degree.

18.   Not only did the desk sergeant refused to provide plaintiff any medical treatment, he refused to take any of plaintiff's complaints about the conduct of the named defendants.

19.   Plaintiff was unnecessarily strip-searched andheld for over three (3) days in Central Booking and released.

20.   After making more than four (4) court appearances over a period of more than a year, plaintiff's case was dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
(Fourth Amendment-Excessive Force/False Arrest)

21.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "20" with the same force and effect as if fully set forth herein.

22.   There was no probable cause for the unlawful seizure, detention, arrest or the continued incarceration, unnecessary strip-searched and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. In addition, the force used on plaintiff by the defendants was excessive and beyond reasonable.

23. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from unreasonable search and seizure violated and he sustained physical injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process-Malicious Prosecution)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and caused plaintiff to be maliciously prosecuted.

26. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Right to a Fair Trial and Process)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants' conduct prolonged plaintiff's unlawful seizure and malicious prosecution and was done with the malicious intent to deprive plaintiff of his right to fair trial by fabricating and concealing evidence. In addition, defendants refused to take plaintiff's complaints or investigate the allegations of excessive use of force.

29. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy under 42 U.S.C. 1985)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants conspired with one another to hide the facts of the event in question. Defendants fabricated evidence, refused to see video-tapes that would have exonerated plaintiff and falsified sworn testimony in an effort to get plaintiff arrested and prosecuted and to cover their illegal actions.

32. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Section 1981)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants subjected plaintiff to discrimination because of his race and color and as a result caused plaintiff to be deprived of his constitutionally protected rights.

35. As a result of defendants' actions, plaintiff suffered injuries.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Selective Enforcement)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants' conduct by ignoring violations of law caused by the co-defendant was willful and in doing so they selectively enforced violations against plaintiff by placing him under arrest.

38. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Equal Protection)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The NYPD defendants by ignoring plaintiff's pleas to investigate the co-defendant for illegal conduct denied plaintiff the Equal Protection that is guaranteed by the Constitution.

41. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. John Doe defendants in their supervisory capacities failed to supervise their subordinate officers in that they failed to ensure that plaintiff's rights were protected and in turn ignored the conduct of their subordinates and in fact tacitly affirmed their unlawful behavior.

44. As a result of defendants' conduct, plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of the action; and

(D) piercing the corporate veil;

(E) such other and further relief as appears just and proper.

Dated: New York, New York
       November 26, 2012

Vik Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorney for Plaintiff*